```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

CHRISTOPHER VAZQUEZ,              )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  12 C 3004
                                  )
KENNETH RYDZ, et al., etc.,       )
                                  )
               Defendants.        )
```

MEMORANDUM ORDER

Christopher Vazquez ("Vazquez") has filed a multicount Complaint against the Village of Round Lake Beach ("Village") and various individuals (all but one oe whom are law enforcement personnel employed by Village), asserting some contentions under 42 U.S.C. §1983 ("Section 1983") and other contentions under state law. Now the same law firm, representing Village and all of its personnel, have filed four separate Answers to the Complaint, one on behalf of Village and the two individuals who have successively served as its Chief of Police and one on behalf of each of the other three Village police officers.

This District Court's move to electronic filing has carried with it the litigant's obligation to deliver a paper copy of each filing to the chambers of the District Judge assigned to the case--a hard copy that has come to be known as a "courtesy calls for some thought as to the handling of certain special pleading situations--and the present situation certainly fits that description. But defense counsel here seem to forget that there

are other circumstances in which true courtesy copies are called for--and the present situation is certainly one of those.

Some modest amount of thought on the part of defense counsel would have brought the realization that it is an imposition on the District Judge assigned to a case (as well as to the opposing party) for the same counsel to require four separate pleadings of 15 to 20 pages each to be read and compared with each other in the effort to determine to what extent the various defendants are on the same page and where they may have some differences. After all, with no more than a little added effort (if that) the pleader could just have easily have filed a single consolidated Answer on behalf of all the clients.[1]

That said, this Court did take the occasion to look at the set of affirmative defenses ("ADs") that accompanied one of the Answers (and most likely was included with the others as well). Under Fed. R. Civ. P. ("Rule") 8(c) and the caselaw construing it, any AD must accept plaintiff's allegations as gospel, while explaining that a defendant is still not liable (or may be liable for less than plaintiff claims).

In this instance AD 1 advances the equivalent of a Rule 12(b)(6) motion to dismiss, which may be viable against some defendant or defendants (but certainly not all). If that AD is

---

[1] Before electronic filing, the unnecessary multiplication of pleadings would have cluttered up the court files with excess bulk, but that is no longer a relevant consideration.

advanced in the new pleading that defense counsel must file, it has to be fleshed out by an appropriate motion rather than just sitting there like a potential time bomb.

ADs 2 or 3 may or may not have traction as to one or more defendants. Again neither of them may be included in the revised pleading unless it is appropriately fleshed out so that Vazquez' counsel and this Court can determine the propriety of the defense.

To return to this memorandum order's principal subject, this Court accordingly strikes all four current Answers from the court file, but leave is of course granted to file a single Amended Answer on behalf of all of the Round-Lake-related defendants on or before July 30, 2012. In fairness, defendants should not have to pay for that added work, and defense counsel are ordered (1) to make no charge for the time and expense involved and (2) to send a letter to the clients advising them to that effect, with a copy of the letter to be transmitted to this Court's chambers (purely for information and not for filing).

```
                            _____
                            Milton I. Shadur
                            Senior United States District Judge
```

Date: July 18, 2012